NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  11-3291
_____

UNITED STATES OF AMERICA

v.

NELSON LUIS DIAZ,

Appellant
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-07-cr-00147-001)
District Judge:  Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
June 18, 2012
_____

Before:  AMBRO, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 6, 2012 )
_____

OPINION
_____

AMBRO, Circuit Judge

Nelson Luis Diaz was convicted of one count of possession of heroin with intent

to distribute, in violation of 21 U.S.C. § 841(a)(1), and two counts of possession of a

firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c).  The District

Court sentenced him to 480 months' imprisonment, but Diaz twice appealed his sentence, successfully reducing it to 397 months. He nonetheless appeals. His attorney, however, moves to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Diaz has not filed a *pro se* brief in response. We grant the motion and affirm Diaz's sentence.

## I.  Background

Because we write solely for the parties, we recite only those facts necessary to our decision. In March 2006, Diaz was physically assaulted by Albert Pierce, a rival drug dealer. Soon thereafter, Diaz and several individuals confronted Pierce. During the ensuing altercation, several gunshots were fired, including by Diaz, and Pierce was fatally wounded. Who fired the fatal shot is unknown. In connection with that incident, Diaz was arrested and charged with one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and two counts of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c). PSR at 1–2. In January 2008, he was convicted on all counts. The District Court, as noted, sentenced Diaz to 480 months' imprisonment, allotting 240 months for the drug count and 240 months for the two firearm counts (120 months each, to be served consecutively). Diaz appealed his convictions and sentence to this Court. We affirmed the convictions for the drug offense and one firearm offense, vacated the second firearm count pursuant to the Fifth Amendment's Double Jeopardy Clause, and remanded for resentencing. *United States v. Diaz*, 592 F.3d 467, 474–75 (3d Cir. 2010).

2

On remand, the District Court held a *de novo* sentencing proceeding and resentenced Diaz to 400 months' imprisonment, maintaining the 240-month sentence for the drug count and increasing the sentence for the remaining firearm count to 160 months. Diaz again appealed, arguing that our Court had directed the District Court simply to subtract the 120-month sentence for the vacated firearm count, which would result in a total sentence of 360 months. Diaz also urged us to remand for resentencing under *Pepper v. United States*, 131 S. Ct. 1229, 1241–43 (2011) (holding that at resentencing a district court can consider postsentencing rehabilitation relevant to the factors in 18 U.S.C. § 3553(a)). We upheld the District Court's exercise of *de novo* resentencing, but nonetheless remanded for resentencing pursuant to *Pepper*. *United States v. Diaz*, 639 F.3d 616, 619, 622–623 (3d Cir. 2011).

On remand after his second appeal, the District Court resentenced Diaz to 397 months' imprisonment. It took into account Diaz's postsentencing behavior, noting both his positive behavior (*i.e.*, his documented enrollment in a GED program, his lack of violence and drug use, and the harsh conditions of the prison in Dauphin County, Pennsylvania), and his bad behavior (including his infractions while in prison, *e.g.*, possession of marijuana). The Court reasoned that, notwithstanding Diaz's success in vacating one firearm count and his positive postsentence behavior, a sentence any lower than 397 months would not properly account for the seriousness of the underlying crime. Indeed, this sentence was at the lower end of the Sentencing Guidelines range of 360 months to life imprisonment (which was the same range applicable at his first sentencing).

3

## II. Discussion

Our rules provide that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California . . . .*" 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our inquiry "is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Diaz's attorney noted that the only ground for appeal is the reasonableness of Diaz's sentence. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal.

District courts must follow a three-step process in imposing a sentence: (1) calculate the applicable Guidelines range; (2) formally rule on any departure motions and explain their rulings on such motions; and (3) exercise discretion in applying at sentencing any relevant factors set forth in § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). As Diaz's attorney explains in his *Anders* brief, the District Court precisely followed this process. It correctly calculated the applicable Guidelines range, to which Diaz did not object. Neither party filed a departure motion. Moreover, the Court properly applied the § 3553(a) factors at sentencing. Among other things, it considered: (1) the facts of Diaz's criminal conviction; (2) his postsentencing behavior

and the prison conditions; (3) his criminal history and upbringing; and (4) both parties' detailed sentencing memoranda. The Court disagreed that a sentence of 360 months (the minimum length of the Guidelines range) would adequately deter Diaz given the seriousness of his offenses. Because the Court followed proper sentencing procedures and sentenced Diaz to a term of imprisonment on the lower end of the Guidelines range, we cannot say that Diaz's sentence is either procedurally or substantively unreasonable.

*     *     *     *     *

Diaz's counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous grounds for direct appeal, we grant counsel's motion to withdraw and affirm Diaz's sentence.